UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

PAUL A. CULBREATH                                                   PLAINTIFF

v.                              CASE NO. 3:05-CV-280 GTE

JACKIE MORGAN, RANDAL J. WILLIAMS,
JACK McCANN, JARRED BASSHAM,
and CRAIGHEAD COUNTY                               DEFENDANTS

**ORDER**

**I. Background**

Plaintiff Paul A. Culbreath contracted with Defendant Jackie Morgan on April 4, 2005 to install vinyl siding on Ms. Morgan's home for a total price of $5,450.00. On the contract date, Plaintiff was paid $2,750.00, with the remainder to be paid upon completion of the project. On or around May 13, 2005, Defendant Randal Williams instructed Plaintiff to cease all labor, apparently due to concerns over the quality of Plaintiff's work. Plaintiff removed his tools and other property from the site, including the unused vinyl siding.

On May 28, 2005, Defendant Williams reported a theft to the Craighead County Sheriff's Department, claiming that Plaintiff had stolen property of value greater than $2,500. A copy of this report was made available to the Jonesboro Sun Newpaper; however, Plaintiff was not identified as a suspect in the newspaper report.

Sheriff McCann requested Defendant Bassham to contact the Plaintiff and investigate the matter. Defendant Bassham telephoned Plaintiff on June 2, 2005 and again on July 7, 2005. Plaintiff was not charged with a criminal offense, arrested, or detained as a result of the May 28, 2005 criminal complaint filed by Mr. Williams.

**II. Summary Judgment Standard**

Summary judgment is appropriate only when, in reviewing the evidence in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial-- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The Eighth Circuit set out the burdens of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the party moving for summary judgment is only to demonstrate, i.e., '[to] point[] out to the District Court,' that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339 (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)(brackets in original)).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  However, the moving party

is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.*

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. Rule 56(e). The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party which, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

## III. Discussion

The substance of the case at bar is the state law contract claim between Plaintiff and Defendants Morgan and Williams. Plaintiff's action alleges federal jurisdiction pursuant to Plaintiff's 42 U.S.C. § 1983 claims against Craighead County, Sheriff McCann and Deputy Bassham. As Plaintiff admits that he was never arrested, detained, or charged with a criminal offense as a result of this allegedly false police report, there is no cognizable Fourth Amendment claim of false arrest or unreasonable search or seizure. Plaintiff asserts that "his reputation in the community and in his 30 years of being in the home improvement business has been severely damaged by the false and erroneous accusations". It appears that Plaintiff is alleging a violation of his rights guaranteed by the Due Process Clause of the Fourteenth Amendment.

"Due process of law is a summarized constitutional guarantee of respect for those personal immunities which, as Mr. Justice Cardozo twice wrote for the [United States Supreme

Court], are 'so rooted in the traditions and conscience of our people as to be ranked as fundamental', or are 'implicit in the concept of ordered liberty'." *Rochin v. California*, 342 U.S. 165, 169, 72 S.Ct. 205, 208 (1952) (citations omitted). "We have emphasized time and again that '[t]he touchstone of due process is protection of the individual against arbitrary action of government'". *County of Sacramento v. Lewis*, 523 U.S. 833, 845, 118 S.Ct. 1708, 1716 (1998). Courts have held that arbitrary exercise of executive power occurs when the conduct of law enforcement "shocks the conscience" and violates the "decencies of civilized conduct." *Id.* at 846, 118 S.Ct. at 1717.

### A.     Sheriff Jack McCann

Plaintiff claims that Sheriff McCann violated his constitutional rights by: (1) "allowing Randal J. Williams on May 28, 2005 to erroneously and maliciously file a falsified police report", (Complaint, ¶ 12); (2) "fil[ing] this falsified police report in the local Jonesboro Sun Paper", (Complaint, ¶ 13); and (3) directing an investigation into the allegedly falsified police report, (Response to Statement of Undisputed Facts, ¶ 10).

Plaintiff alleges no conduct by Sheriff McCann that implicates any rights guaranteed by federal law or the United States Constitution. The County Sheriff is not vicariously liable for a private citizen's filing of a police report. To the extent that Plaintiff argues the Sheriff should have known that the police report was falsified by Mr. Williams, the Court must emphasize that "the Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Lewis,* 523 U.S. at 849, 118 S.Ct. at 1718. Moreover, the mere existence of a false police report does not implicate due process analysis. *See*, *e.g.*, *White v. Wright*, 150 Fed.Appx. 193, 199 (4th

Cir. 2005) (""[W]e do not see how the existence of a false police report, sitting in a drawer in a police station, by itself deprives a person of a right secured by the Constitution and laws.") (*quoting Landrigan v. City of Warwick*, 628 F.2d 736, 744 (1st Cir.1980)). Certainly, the Court cannot conclude that simply permitting a citizen to file a police report with the Sheriff's Department is conduct that "shocks the conscious".

Additionally, providing a police report to a local newspaper does not offend due process. While publication of a criminal investigation may impugn Plaintiff's reputation, it is well established law that "mere injury to reputation, even if defamatory, does not constitute the deprivation of a liberty interest". *Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1, 6-7, 123 S.Ct. 1160, 1164 (2003). Moreover, County Defendants assert that all complaints filed with the Craighead County Sheriff's Department are made available to the Jonesboro Sun Newspaper and Plaintiff admits that his name was not publicized. Under these circumstances, the Court finds Sheriff McCann's conduct here neither "shocks the conscience" nor violates the "decencies of civilized conduct."

Finally, any allegation that Sheriff McCann is liable for directing an investigation into Williams' accusation of theft against Plaintiff fails to state a cognizable due process claim. Where the Craighead County Sheriff's Department's investigation of Plaintiff was prompted by a criminal complaint alleging theft of property by Plaintiff, there is simply no basis for arguing that the Sheriff acted arbitrarily or capriciously. The investigation of criminal complaints by law enforcement is a justifiable government interest, and generally, the mere performance of such does not amount to a due process violation. *County of Sacramento v. Lewis*, 523 U.S. 833, 849, 118 S.Ct. 1708, 1718 (1998) ("It is, on the contrary, behavior at the other end of the culpability spectrum that would most probably support a substantive due process claim; conduct intended to

injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level.").

Accordingly, the Court concludes that Sheriff Jack McCann is entitled to summary judgment against Plaintiff's § 1983 claims.

### B.   *Deputy Sheriff Jarred Bassham*

Plaintiff alleges that he was harassed by Deputy Bassham, who "has called threatening this plaintiff, in trying to intimidate Culbreath into going back and finishing the work on Morgan's home or in refunding the draw money of $2,725.00 back and if Culbreath does not Bassham threatens to arrest Plaintiff and charge him with felony thief . . . ." (Complaint, ¶ 15). Such conduct as alleged by Plaintiff, does not arise to the constitutional level of "conscience-shocking" so as to invoke the protections of the Fourteenth Amendment.

The Eighth Circuit Court of Appeals has held that "a threat constitutes an actionable constitutional violation only when the threat is so brutal or wantonly cruel as to shock the conscience, or if the threat exerts coercive pressure on the plaintiff and the plaintiff suffers the deprivation of a constitutional right." *King v. Olmsted County*, 117 F.3d 1065, 1067 (8th Cir. 1997). For example, the Eighth Circuit held that a substantive due process violation occured when an official threatened deadly force for no legitimate reason. *Hawkins v. Holloway*, 316 F.3d 777, 78 (8th Cir. 2003) ("[T]he sheriff deliberately abused his power by threatening deadly force as a means of oppressing those employed in his department, thus elevating his conduct to the arbitrary and conscience shocking behavior prohibited by substantive due process."). However, where law enforcement was investigating complaints of excessive noise and speeding, the Eighth Circuit found that "verbal harassment, in the form of threats and unflattering remarks directed at

plaintiffs, does not rise to the level required to establish a constitutional violation." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 759 (8th Cir. 2001). Similarly, Deputy Bassham was acting in response to the charges of theft filed against Plaintiff and reasonably suggested that Plaintiff either return the allegedly stolen property or risk a criminal charge and arrest. Even if Deputy Bassham had been verbally harassing or denigrating in his comments, such behavior, while inappropriate for a Sheriff's Deputy, does not amount to a deprivation of Plaintiff's Fourteenth Amendment rights. Accordingly, the Court concludes that Deputy Bassham is entitled to summary judgment.

### C.    *Craighead County*

It is well-settled law that municipalities are not liable for constitutional violations unless those violations were a product of a municipal custom or policy. *See Monell v. New York Department of Social Services*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38 (1978) ("Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). Of course, when an official's conduct is not unconstitutional, the municipality bears no civil liability under § 1983. *McVay ex rel. Estate of McVay v. Sisters of Mercy Health System*, 399 F.3d 904, 909 (8th Cir. 2005) ("Since we have found that [the officer's] actions were not unconstitutional, [plaintiff] cannot make a prima facie case against the City under section 1983.").

As the Court has determined that neither Deputy Bassham nor Sheriff McCann had unconstitutionally deprived Plaintiff of his Fourteenth Amendment rights, the Court concludes that there is no basis for *Monell* liability against Craighead County.

- 8 -

IT IS THEREFORE ORDERED that the Motion for Summary Judgment (Dkt. #34) be, and it is hereby, GRANTED.

Dated this 9th day of August, 2006.

                                            _/s/ Garnett Thomas Eisele_____
                                            UNITED STATES DISTRICT JUDGE